**UNITED STATES of America**

v.

**Mary VINCENT.**

**Cr. No. 632–68.**

United States District Court
District of Columbia.

Nov. 15, 1968.

---

2. City Inv. Co. v. Williams, 171 La. 848, 132 So. 367; Manuel v. Deshotels, 160 La. 652, 107 So. 478.

H. Clifford Allder, Washington, D. C., for defendant.

## MEMORANDUM OPINION

PRATT, District Judge.

Defendant, Mary Vincent, has filed a motion to suppress certain evidence taken in a search, made pursuant to a search warrant, of apartment A–406, 1425 4th Street, S.W., Washington, D. C. The motion, filed pursuant to Rule 41(e) of F.R.Crim.P., is grounded on the claim that there was not probable cause for the issuance of the warrant and that the seizure of certain property on the premises was therefore illegal. No claim is made that the warrant is insufficient on its face or that the property seized was not that described in the warrant or that the warrant was illegally executed. No testimony was introduced at the hearing and the defendant has placed her entire reliance on the alleged insufficiency of the affidavit of Det. Sgt. Joseph M. O'Brien of the Homicide Squad dated December 29, 1967, presented in support of the request for the warrant issued the same day. The search was made on January 3, 1968.

The affidavit discloses the following facts concerning the details of the abortion: Mr. and Mrs. Carl Meinardus of Brooklyn, New York, as the result of a prior contact, came to Washington, D. C. on December 16, 1967 and registered at "Skyline Inn" at South Capitol and I Streets, S.W., Washington, D. C. Upon arrival, they called telephone number 554–4849 and as the result of this telephone call a person who identified herself as "Mary" picked up Mrs. Meinardus at the Skyline Inn on December 17 at 1:00 p. m. and took her by taxicab to 1425 4th Street, S.W., Washington, D. C. "A" building. Upon entering the building they proceeded to apartment A–505 where they were met in the living room of said apartment by a white male identified as "Dr. Ewing." At this time Mary left apartment A–505 stating "she had to go down stairs." After being directed to one of the bedrooms where she was given certain pills and several injections, Mrs. Meinardus was taken to another bedroom where she was placed on a doctors-type table with stirrups and the operation took place. After remaining in apartment A–505 for several hours, Mrs. Meinardus was returned to her husband at 7:30 p. m. on December 17, 1967 at the Skyline Inn and that evening Mr. and Mrs. Meinardus drove back to New York. On the next day, December 18, 1967, Mrs. Meinardus suffered severe cramps and, after a telephone call to "Dr. Ewing" at telephone number 554–4849, was taken to the Community Hospital in Brooklyn for a septic abortion, given a hysterectomy, and her condition was listed as critical.

The affidavit further sets forth the following facts concerning Thomas Phillip Martini alias "Dr. Ewing" and the link between Martini and the defendant Mary Vincent:

1. The information of Det. Sgt. O'Brien from the official court records that on November 20, 1957, Thomas Phillip Martini was convicted of criminal abortion and sentenced to 20 months to five years and that Martini was also arrested in September, 1966, for criminal abortion. At the time of said two arrests, Thomas Phillip Martini was using the alias name of "Dr. Ewing."

2. The identification by Mrs. Meinardus on December 27, 1967, while still in the hospital, of Thomas Phillip Martini as the person who performed the abortion on her on December 17, 1967 in apartment A–505, 1425 4th Street, S.W., Washington, D. C. This identification was made to Det. Sgt. O'Brien and Det. Sgt. Hack of the Homicide Squad, Metropolitan Police Department, Washington, D. C. from P. D. photograph 210737 of Thomas Phillip Martini.

3. Mrs. Meinardus and her husband reached "Mary" and "Dr. Ewing" at telephone number 554–4849, which number is listed to Sincerely Yours Answer-

ing Service under the name of Mary Vincent, 1425 4th Street, S.W., Washington, D. C.

4. Mrs. Meinardus' statement to Det. Sgt. O'Brien that before the start of the operation "Mary" left apartment A-505 stating that "she had to go down stairs."

5. Det. Sgt. O'Brien's investigation disclosing that apartment A-406 was leased and occupied by a Mary Vincent and that apartment A-505 was also leased to Mary Vincent.

6. Det. Sgt. O'Brien's investigation disclosing that in the basement of 1425 4th Street, S.W., Washington, D. C. parking space number 168 was leased to a Mary Vincent and that Thomas Phillip Martini, identified from P. D. photograph 210737, on numberous occasions since September, 1967, and as late as December 28, 1967 had parked his 1967 Oldsmobile in parking space number 168 listed to Mary Vincent.

From the foregoing recital, the Court must conclude that there was probable cause for the issuance of the search warrant covering the search, not only for apartment A-505 where the abortion was actually performed, but also for apartment A-406. Much of the information came from the victim herself and it has been held that the reliability of the victim's report is greater than that of an informant. Aguilar v. Texas, (1964) 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723. This is not a case of dependence upon the hearsay of a mere informer.

The close connection between Thomas Phillip Martini alias "Dr. Ewing" who performed the abortion in apartment A-505 and Mary Vincent who leased both apartments is clear. No motion attacking the search warrant for apartment A-505 has been made and it is plain that such a motion would be without merit. Likewise, the link between apartment A-505 and apartment A-406 is also clear. Both were leased to the same person, the defendant Mary Vincent, who also occupied apartment A-406, and both apartments are in close proximity. Before "Dr. Ewing" commenced the abortion, "Mary" left apartment A-505 stating that "she had to go down stairs." The one telephone number used to contact Thomas Phillip Martini alias "Dr. Ewing" is listed under the name of Mary Vincent, 1425 4th Street, S.W., Washington, D. C. While probable cause is a vague term which cannot be precisely defined and each case must turn on its own facts, it is nonetheless true that probable cause depends on the "factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, must act." Brinegar v. United States, (1949) 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed 1879. Det. Sgt. O'Brien had ample reason to conclude that Martini and Mary Vincent were acting in concert and were using both apartments in furtherance of an illegal enterprise. His affidavit sets forth these reasons.

In summary, the search warrant issued for apartment A-406, 1425 4th Street, S.W., Washington, D. C., was supported by an affidavit setting forth facts, not conclusions, and had ample probable cause for its issuance. The motion to suppress is therefore denied and an order consistent with the foregoing opinion has been entered this day.